TUCKER, as adm'r, vs. WEST, et al.

SECURITY FOR COST: *Administrator not required to give.*

An administrator is not an assignee within the meaning of sec. 911, Gantt's Digest, which provides that every plaintiff, suing as an assignee, when insolvent, with certain specified exceptions, may be required to give security for cost.

APPEAL from *Benton* Circuit Court.

Hon. J. H. HUCKLEBERRY, Special Judge.

*J. D. Walker*, for appellant.

*Rose, contra.*

ENGLISH, CH. J.:

This suit was commenced in the Washington Circuit Court by Tucker, as administrator of Crawford, against West and Mock, on a note made by them to Crawford, about the 15th April, 1861, for $2,267. Crawford died in Oregon, and Tucker administered on his estate in Arkansas.

The defendants pleaded that the note was executed on Sunday, and obtained judgment; the plaintiff appealed to this court, and the judgment was reversed, and the cause remanded for a new trial. See *Tucker, adm'r*, v. *West et al.*, 29 Ark., 386.

After the mandate was sent down, the defendants filed a motion to rule the plaintiff to give security for all the costs that had accrued, or might accrue in the cause, on the following grounds, in substance, as stated in the motion :

" That plaintiff, as such administrator, has no assets in his hands, and there are no assets belonging to said estate in this State, out of which such costs can be paid.

" That plaintiff is personally insolvent, and has no property out of which any costs can be collected.

" That plaintiff has taken depositions of about seven or more witnesses, and has commissions out to take the depositions of several others—perhaps five or eight more.

Tucker, as adm'r, vs. West, et al.

"That he has now subpœnaed, and required to attend in person, fourteen or more witnesses.

"That defendants have taken the depositions of about five witnesses, and have about twenty-six witnesses subpœnaed and required to attend this court.

"That, at the former term of this court, when the cause was tried, there were a large number of witnesses who claimed for about two weeks' attendance.

"That the issues formed, and the manner in which plaintiff prosecutes his pretended demand, render it necessary to the defense, and the ends of justice, for defendants to retain the large number of witnesses they now have.

"That the costs in this case, up to this time, amount to over $475.

"That, if defendants recover judgment for their costs, as in justice they ought to do, they will have no means by which they can collect their costs, unless plaintiff is required to give security therefor," etc.

This application was verified by the defendant, and filed 18th October, 1875.

On the 25th of the same month, plaintiff filed an application for a change of venue.

On the 28th, both applications were taken up and heard, and the court made an order requiring the plaintiff to give good and sufficient security, in writing, for the payment of all costs in the cause, and that the same be filed in the cause, on, or before the 3d day of the next term of the Benton County Circuit Court, to which the court ordered the venue to be changed.

At the April term, 1876, of the Benton Circuit Court, and after the third day of the term, the defendants filed a motion to dismiss the suit, because the plaintiffs had failed to file a bond for costs, as required by the above order of the court.

The court sustained the motion, dismissed the suit, and rendered judgment against plaintiff, as administrator, etc., for costs, etc.

Plaintiff excepted, and appealed to this court.

Administrators and executors appointed in other States, etc., are permitted to sue in the courts of this State, but are expressly required to give bonds for costs, as other non-residents. Gantt's Digest, sec. 4473. Gould's Digest, Ch. 7.

We have no statute expressly requiring domestic administrators and executors to give bonds for costs in any case.

A non-resident plaintiff, or a plaintiff who becomes a non-resident after the institution of a suit, is required to give bond for costs. Gantt's Digest, secs. 908, 910.

There is a provision in Gould's Digest (Ch. 40, sec. 3) that any plaintiff who is unable to pay costs, or is so unsettled as to endanger the officers of the court, with respect to their legal demands, may be ruled to give security for costs. But the Code makers omitted this provision in their chapter on costs. Civil Code, secs. 698–703. Gantt's Digest, secs. 908–913.

There is this singular provision in the Civil Code: "A guardian, committee, or next friend, suing for an infant or person of unsound mind, and every plaintiff suing as an assignee, except an endorsee of a bill of exchange, or promissory note, placed on the footing of a bill of exchange, when insolvent, may be required to give security for costs," etc. Civil Code, sec. 701.

Mr. Gantt has made this section of the Code, sec. 911 of his Digest, omitting the word "committee," and substituting after the word note, the words "negotiated before maturity," for the words, "placed on the footing of a bill of exchange."

So it seems that the only insolvent resident plaintiff, who may be required to give security for costs, under this Code legislation, is one representing an infant or person of unsound mind, or a

plaintiff, suing as assignee, except one suing as endorsee of a bill, or note, negotiated after maturity.

The counsel for appellees submit, that an administrator is an "assignee," within the meaning of this word, as used in the above Statute.

An assignee is one to whom an assignment has been made.

An assignee in fact is one to whom an assignment has been made in fact by the party having the right.

An assignee in law is one in whom the law vests the right, as an executor or administrator. Bouvier's Law Dic.—Assignee.

The note sued on in this case was made payable to Crawford, and when the appellant became his administrator, the law vested the title to the note in him as such, and so, in law, he is the assignee of the note.

But we do not think that administrators and executors are assignees within the meaning of the above statute. In other words, we do not think the legislature intended to include them in the language, "every plaintiff suing as an assignee, etc., when insolvent, may be required to give security for costs."

By sec. 2 of the act of March 16, 1871, "the party appealing" "from a judgment of the Probate Court to the Circuit Court, was required to give bond, by one or more sufficient securities, to the effect that appellant would satisfy and perform the judgment that might be rendered on the appeal, etc. Yet this court held that an executor, or administrator, appealing from a judgment rendered against him, as such, was not required to give bond under this statute. *Johnson, adm'r.,* v. *Du Val, adm'r.,* 27 Ark., 599. The court, by Justice Bennett, said: "Notwithstanding the broad language of the act, which requires from parties applying for appeals, that they should give bond and security to pay the amount of the recovery and costs awarded, in case the judgment should be affirmed, these terms, we think, cannot be regarded as

applying to executors or administrators, when they are appealing from judgments rendered against the goods of the testator or intestate.

" There have been various reasons assigned for construing such cases to be exceptions to the statute. It has been said that they are not bound to give security on an appeal, because they gave it when they undertook the administration of the estate; and that such bond and security would make the debt their own; and that requiring such bond and security from executors and administrators on appeals from judgments or decrees founded upon a demand against the testator or intestate, would frequently prevent them from seeking relief against an erroneous judgment or decree, which, however ruinous to the estate, might not affect their individual interests."

Under our system of administration no personal judgment is rendered against an executor or administrator. They are not personally liable for costs, when sued, or when they sue as such. Gantt's Digest, secs. 192-3-4.

If an executor or administrator may be ruled to give security for costs, he would be compelled to procure a stranger to the suit to assume a personal liability for costs, which he is not legally obliged himself to assume, or go out of court.

Costs in suits by, or against executors and administrators, are allowed and paid as expenses of administration, and as to such costs, officers of courts, etc., have a prior claim upon the estate to the claims of creditors. If the estate proves to be utterly insolvent, and able to pay nothing, they, like creditors of all classes, suffer a common loss. They take their offices *cum onere,* etc.

Executors and administrators are obliged to use due diligence to collect debts due to the estates which they represent, and when payment is refused, to sue on them if, probably, collectible by

suit. If they should be required to become personally bound for costs, or forced to induce others to become personally liable, they might be deterred from bringing suits upon claims that might be collected by legal process, but otherwise lost.

This case may present a hardship, but a general mischief might be produced by holding, in the absence of express legislation, that executors and administrators may be ruled to give bonds for costs.

The judgment is reversed, and the cause remanded, with instructions to the court below to reinstate the cause 'for further proceedings, etc.